# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER KOCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00307-HEA |
| ) | |
| ST. LOUIS CITY POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Christopher Koch's application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.25. Furthermore, after initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of

Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his motion, plaintiff states that he has sent several trust fund requests for his account information to FCI—Terre Haute, but has received no response. Instead, he has submitted several receipts from the facility's commissary from the past few months. Based on these receipts, the Court will assess an initial partial filing fee of $3.25, which is twenty percent of his average spending based on his receipts. If plaintiff is unable to pay the initial partial filing fee, he must submit a current copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against defendants the St. Louis City Police Department, and two John Doe Police Officers, Doe 1 and Doe 2. Currently, plaintiff is incarcerated on different charges at the Federal Correctional Institution in Terre Haute, Indiana. His complaint arises out of events occurring many years prior to his current incarceration.

Plaintiff states that on either July 4, 2002 or Memorial Day of 2002 (he "strongly believe[s] it was July 4th"), he had been drinking heavily and smoking PCP at his home in Illinois. He and his girlfriend, Heather, and a friend, Dameion, decided to visit some friends in South St. Louis. Because plaintiff was intoxicated, he asked Dameion to drive and Heather rode in the front passenger seat. Plaintiff rode in the back. Plaintiff states that while driving down I-55 South, he smoked another PCP cigarette and blacked out. The last thing he remembers from that day is passing the I-55 exit for Arsenal Street.

The next thing plaintiff remembers is waking up at the St. Louis University Hospital. He had injuries from head to toe. He asked the doctor what had happened, and the doctor told him

that St. Louis City Police Officers brought him in saying he had jumped from a moving vehicle. Plaintiff called Heather and asked her to come to the hospital. When she arrived and saw plaintiff's condition, she started crying and asked what had happened.

Heather told plaintiff that while they were driving on I-55, plaintiff "started talking nonsense and removed all of [his] clothes." Dameion took the Longborough Avenue exit and was stopped at a stop sign when plaintiff got out of the car and started walking around. Because plaintiff was naked and incoherent, Heather tried to get him back in the vehicle. Passersby honked and cheered.

Heather said that the St. Louis City Police soon arrived, and she told them that plaintiff had overdosed on PCP. Heather said the officers put plaintiff in their patrol car and told her what hospital they would be taking plaintiff to. Apparently they told Heather the wrong hospital, which is why she was not present when plaintiff awoke at SLU Hospital.

Plaintiff asked Heather if he had any of his injuries when she had last seen him, and Heather said no. Plaintiff assumed he had jumped from the police car on the way to the hospital. He thought this for the next 17 years.

In November 2018, plaintiff moved to South St. Louis. In March, 2019, he began driving around the Southside to "get to know the neighborhoods." By doing so, plaintiff states that his repressed memories from the night in May or July, 2002 cropped up. By April, 2019, he knew what had happened.

Plaintiff states:

I did not jump from a moving vehicle. After the police had me in their car they took me to a unknown location which was a[n] alley somewhere. They pulled me from the car and [dragged] me down the pavement, scraping skin, nails from my feet and skin from my face. They smothered my face in mud causing me to gasp

for air. They beat my head into the pavement knocking me unconscious. The entire time I pleaded with them to stop. I was never violent. I was naked the whole time. I was never charged with any crimes from that incident.

Compl. at 5.

For his injuries, plaintiff states that he had missing toenails, scraped skin on his feet, knees and face, slightly chipped teeth, a broken nose, and a concussion. For relief, he seeks $500,000 in compensatory damages and $500,000 in punitive damages.

## Discussion

The five-year statute of limitations contained in Missouri Revised Statutes 516.120(4) applies to plaintiff's § 1983 claims. While there is no statute of limitations contained within 42 U.S.C. § 1983, the Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Missouri statute § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

In Missouri, the statute of limitations for personal injury actions begins to run when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966). Missouri

Revised Statute § 516.100 provides that a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment."

Plaintiff filed his complaint on February 26, 2024, nearly 22 years after the alleged events occurred. Whether his claims are barred by the statute of limitations turns on whether there is a genuine issue of material fact regarding when his damages were capable of ascertainment. In *Powel*, the Missouri Supreme Court stated that damages are capable of ascertainment and the statute of limitations begins to run when "the evidence [is] such to place a reasonably prudent person on notice of a potentially actionable injury." *Dempsey v. Johnston*, 299 S.W.3d 704, 706 (Mo. Ct. App. 2009) (quoting *Powel v. Chaminade College Prep., Inc.*, 197 S.W.3d 576, 582 (Mo. 2006)). The test is an objective one and the issue is "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Id.* This standard is an objective one, and the statute of limitations issue can be decided by the court as a matter of law. *Id.*

Based on the analysis above, the Court finds that a reasonable person would have discovered plaintiff's damages at the time the events occurred, on either Memorial Day or July 4, 2002. Unfortunately for plaintiff, he was severely intoxicated and admittedly blacked out on PCP at the time the events occurred. The Court finds that a reasonable person would have discovered that he was beaten by police officers on the date the beating occurred, and not 17 years later. Therefore, plaintiff was required to file this § 1983 action five years after this date of ascertainment. Plaintiff's statute of limitations would have tolled on either Memorial Day or the Fourth of July, 2007. Plaintiff did not file his action until 2024, which was many years past the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.25 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for survival of complaint is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 29th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE